# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**DAVID SHAPLEY,**
**Claimant Below, Petitioner**

**FILED**

March 3, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 16-0197** (BOR Appeal No. 2050834)
                        (Claim No. 2015014380)

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner David Shapley, by M. Jane Glauser, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Murray American Energy, Inc., by Aimee M. Stern, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 9, 2016, in which the Board affirmed the September 10, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 12, 2014, decision to deny Mr. Shapley's application for occupational pneumoconiosis benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Shapley, a coal miner, started working for Murray American Energy, Inc., on November 14, 2011.[1] On October 22, 2013, Mr. Shapley sustained a head injury while working, and thereafter stopped working for Murray American Energy, Inc.[2,3] On August 12, 2014, Mr. Shapley submitted an employee's report of occupational pneumoconiosis. The request for benefits did not include a medical report establishing he had been diagnosed with occupational

---

[1] This is the start date provided by the employer. The start date is inconsistent throughout the evidence submitted.
[2] This is the date Mr. Shapley stated he quit working. The date is inconsistent throughout the evidence submitted.
[3] A separate report of injury was completed for the head injury. That injury is not at issue in this appeal.

1

pneumoconiosis. Mr. Shapley stated that he was exposed to the hazards of occupational pneumoconiosis while he was employed with Murray American Energy, Inc. However, he did not indicate how long he had been exposed to the hazards while working in West Virginia. The list of exposures at prior employers included exposure in the state of Ohio when he worked for Lesco from 1996 to 2002, and Century for four months in 2011, with a last date of employment of November 9, 2011. The claims administrator denied the application on December 12, 2014, due to noncompliance with the statutory exposure. Mr. Shapley's protest followed.

Attila Lenkey, M.D., performed an occupational lung disease evaluation on August 28, 2014. Mr. Shapley denied any real shortness of breath. He had no cough and no wheezing. The pulmonary function test was within normal limits. Dr. Lenkey found insufficient evidence to suggest any occupational lung disease. On November 3, 2014, Dr. Lenkey noted in an addendum that the chest x-ray she requested was negative for pneumoconiosis. In Dr. Lenkey's opinion, there was insufficient evidence to support an occupationally related lung disease.

On December 1, 2014, Mr. Shapley completed a medical and employment history form at the request of the claims administrator. On the medical history, Mr. Shapley noted he had never had any breathing studies or consulted a physician regarding problems with breathing. His work history included working as a laborer at a sawmill for about six years; as a plant operator at a fertilizer factory for about nine years; as a truck driver delivering food for about eight years, and then as a coal miner for about four months in 2011. All of his previous employment was in Ohio.

The Office of Judges affirmed the decision of the claims adjuster on September 10, 2015. It noted that West Virginia Code §23-4-1(b) (2005) requires exposure to the hazards of occupational pneumoconiosis in the state of West Virginia over a continuous period of not less than two years during the ten year period immediately preceding the date of last exposure. The Office of Judges determined Mr. Shapley had been exposed to the hazard of coal dust immediately prior to his date of last exposure from July 10, 2011 through October 22, 2013. However, for four of those months Mr. Shapley worked in Ohio. Therefore, the Office of Judges found that Mr. Shapley did not meet the minimum exposure requirements. The Board of Review affirmed the Order of the Office of Judges on February 9, 2016.

After review, we agree with the findings of fact of the Office of Judges and conclusions of law of the Board of Review. Mr. Shapley worked in West Virginia for Murray American Energy, Inc., from November 14, 2011, to October 22, 2013, which is less than a two year period. On October 22, 2013, Mr. Shapley sustained a head trauma. As a result of that injury, he was unable to continue working for the continuous two year period required by the statute. Despite the fact that he did not have the requisite period of exposure in West Virginia, he moved forward with his application for benefits. Mr. Shapley failed to submit any medical evidence in support of his occupational pneumoconiosis application. The only medical evidence before the Court, an occupational lung disease evaluation performed by Dr. Lenkey, revealed insufficient evidence to suggest an occupational lung disease. Additionally, Mr. Shapley acknowledged he did not have any breathing problems, nor had he consulted a physician in regard to a breathing problem.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 3, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker